**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| JOANN BRYANT, Individually and | ) | |
| as the biological mother of | ) | |
| Larry Wayne Burden, Jr., and in | ) | |
| her capacity as Administrator | ) | |
| of the Estate of Larry Wayne | ) | |
| Burden, Jr., Deceased, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 4:18-CV-00106-CDL |
| | ) | |
| v. | ) | |
| | ) | |
| HARRIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff JOANN BRYANT, Individually and in her capacity as Administrator of the

Estate of her son Larry Wayne Burden, Jr., Deceased, hereby responds to Defendants HARRIS

COUNTY, CRYSTAL GAIL GARREN, DANIEL MADDOX, DONALD WALKER, JEREMY

MCDOWELL, NOEL FLOWERS, TROY MOORE and DONALD BARBER'S (hereinafter

"Defendants") Motion to Dismiss, showing this Honorable Court as follows:[1]

## I.   INTRODUCTION

This is a negligence, wrongful death, and § 1983 civil rights case brought against the

entities and individuals responsible for Mr. Larry Burden's safety and care. Instead of meeting

their mandated, nondiscretionary, statutory duties to provide for his well-being, Mr. Burden died

while under the custody and control of Defendants after experiencing a medical emergency and

was left collapsed on the ground with no medical care for almost an hour. Without any fact

discovery, Defendants have moved to dismiss Ms. Bryant's case based on qualified and

---

[1] Ms. Bryant hereby incorporates and adopts by reference all applicable arguments submitted by her in response to the other named Defendants' motions to dismiss.

sovereign immunity grounds. The Motion is fundamentally flawed because Defendants are simply not entitled to sovereign immunity. As demonstrated herein, the Motion must be denied, and at a minimum, limited discovery is required.

## II.   FACTUAL BACKGROUND

The following facts from Ms. Bryant's First Amended Complaint are relevant to Defendants' Motion and must be taken as true. *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the plaintiff's pleadings must be construed most favorably to her and all reasonable inferences resolved in her favor). Larry Burden died while under the custody and control of Defendants, as an inmate at Harris County Prison. First Am. Compl. ¶ 27 (Dkt. 1-41). The Prison staff included the Warden, Alex Haden[2], and Corrections Security Officers Crystal Garren, Daniel Maddox, Donald Walker, Jeremy McDowell, Noel Flowers, Troy Moore, and Donald Barber (collectively referred to as the "Individual Defendants"). *Id*. On November 5, 2015, Mr. Burden was beaten by a guard on duty, which led to his collapse and ultimately his death while on the D-dorm's basketball court. *Id*., ¶¶ 28-29. Mr. Burden's injuries included a black eye, lacerations on his face, and hand trauma, consistent with being assaulted. *Id*., ¶ 30. Prison staff did not respond to Mr. Burden's collapse until several of the inmates began banging on the yard window for assistance. *Id*., ¶ 31. After an unreasonable delay in providing medical treatment, Prison staff arrived at the scene and Mr. Burden was taken to the hospital where he was pronounced dead on arrival. *Id*., ¶¶ 34-35.

At all times relevant to Ms. Bryant's Complaint, Defendants were agents of the County or were employees of both the County and State and therefore joint tortfeasors. *Id*., ¶ 27. In this capacity, the County hired, trained and assigned the Individual Defendants as Correctional

---

[2] Defendant Haden's counsel also filed a Motion to Dismiss. Dkt. 6.

Officers to the Prison and failed to properly monitor, supervise and protect inmates, like Mr. Burden. *Id.*, ¶¶ 51, 100. In addition, the County, through its employees, failed to properly respond to Mr. Burden's medical emergency and failed to provide timely medical care to an inmate. *Id.* The County was negligent and/or reckless by failing to exercise care by ordinary and prudent supervisors and employers in hiring and retaining Corrections Officers, who are responsible for the well-being of the inmates. *Id.*, ¶ 103.

The First Amended Complaint alleges that the County is responsible for the following:

- The physical assault of Mr. Burden that ultimately led to his death;

- Alternatively, failing to monitor or supervise Mr. Burden by allowing another inmate to assault him, resulting in his death;

- Failing to timely supervise and monitor the inmates and failing to notice Mr. Burden's collapse or what happened to him before his collapse;

- Failing to timely respond to Mr. Burden after he collapsed to the ground;

- Failing to properly train and educate its own employees to properly treat, supervise and monitor inmates in order to protect them and ensure their safety; and,

- Failing to provide timely and adequate medical care.

*Id.*, ¶ 93. The County's actions and omissions through the Individual Defendants resulted in Larry Burden's death. *Id.* ¶¶ 27-35. And, for each of these acts or omissions, the Individual Defendants failed to perform their clear ministerial duties to provide for the safety and supervision of inmates within the Prison. *Id.*, ¶¶ 36-45. Ms. Bryant further alleges that these intentional acts and omissions arose out of the County's policies, practices, acts, and omissions which placed Mr. Burden in unreasonable and foreseeable risk of serious injury and death as a result of failure to timely respond and treat Mr. Burden's medical emergency in violation of internal policies. *Id.*, ¶¶ 75, 105. Furthermore, Defendants acted with deliberate indifference to the safety and medical needs of Mr. Burden. *Id.*, ¶¶ 106-107.

### III.    ARGUMENT AND CITATION OF AUTHORITY

#### A.  Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). A claim has "facial plausibility" when plaintiff pleads factual content that allows a court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. "A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marsh. v. Butler County, Alabama,* 268 F.3d 1014, 1023 (11th Cir. 2001). When ruling on a motion to dismiss, the court must accept the factual allegations set forth in the complaint as true, with all reasonable inferences should be drawn in plaintiff's favor. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

The County and Individual Defendants have not, and cannot, meet the standard of review in this case to justify the dismissal of Ms. Bryant's case with no discovery whatsoever.  Rather, discovery must be had in order to provide necessary evidence related to Defendants' Motion, and even then, it would likely be a jury question. *Washington v. Rivera*, 2017 WL 4475925 (S.D. Ga. 2017) (denying motion to dismiss where the reasonableness of the defendant's conduct was central to the qualified immunity defense).  The First Amended Complaint meets the requisite pleading standard because it contains both direct and inferential allegations respecting all of the material elements necessary to sustain recovery under a viable legal theory. Defendants' motion to Dismiss should be denied.

#### B.  The Claims Against Individual Defendants in Their Official Capacities Are Proper

To plead a valid claim under § 1983, "a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such

deprivation occurred under color of state law." *Bailey v. City of Douglasville*, 2015 WL

12867012 at 6* (N.D. Ga. 2015); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010);

*Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

The First Amended Complaint clearly alleges that Mr. Burden's constitutional rights were

violated when one of the Individual Defendants "used excessive and deadly force in the course

of his/her supervision of Mr. Burden, by beating and killing Mr. Burden. Dkt. 1-41, ¶ 109.

District courts in Georgia have denied defendants' motions to dismiss in nearly identically pled

cases where a § 1983 claim was brought against them in their individual and official capacities

where the government entity itself was also listed as a party. See, for example, *Bailey,* WL

12867012 (denying the defendant's motion to dismiss the plaintiff's § 1983 claim where plaintiff

pled sufficient facts to state a claim).  Ms. Bryant has likewise sufficiently pled facts to support

claims against the Individual Defendants in their official capacities at this pleading stage.

### C.  The Individual Defendants Are Not Entitled to Qualified Immunity

The Individual Defendants are not entitled to qualified immunity on Ms. Bryant's federal

law claim. Qualified immunity offers "complete protection for government officials sued in their

individual capacities as long as their conduct violates no clearly established statutory or

constitutional rights of which a reasonable person would have known." *Lee v. Ferraro*, 284 F.3d

1188, 1194 (11th Cir. 2002).  In order for qualified immunity to apply, the individual must first

show that he was acting within the scope of his discretionary authority when the allegedly

unconstitutional acts occurred.[3] *Brown v. City of Huntsville,* 608 F.3d 724, 734 n.14 (11th Cir.

2010).  If proof is offered, the burden shifts to the plaintiff, who must then satisfy a two-part test

to defeat qualified immunity showing that the allegations established a constitutional violation

---

[3] The Individual Defendants have offered no proof that they were acting within their discretionary authority because
there has been no discovery in this case.

which was clearly established at the time the wrongful acts occurred. *Case v. Eslinger,* 555 F.3d 1317, 1326 (11th Cir. 2009). In this Circuit, "a defense of qualified immunity is not available in cases alleging excessive force, because the use of force 'maliciously and sadistically to cause harm' is clearly established to be a violation of the Constitution by the Supreme Court." *Skrtich v. Thornton*, 280 F.3d. 1295, 1301 (11th Cir. 2002). Since this is exactly what Plaintiff alleges, the Supreme Court precedent dooms Defendants' qualified immunity defense. Dkt. 1-41, ¶ 28.

### 1.  The Individual Defendants were Performing Ministerial Functions

Under the doctrine of official or qualified immunity, a county officer or employee may be personally liable for negligent actions taken in the performance of ministerial functions, but is immune from personal liability for discretionary acts taken within the scope of their official authority and performed without willfulness, malice, or corruption. Ga. Const. Art. 1, § 2, Par. 9; *Hayes v. Rockdale County*, 2016 WL 154110 *4 n. 2 (N.D. Ga. 2016). Under Georgia law, the distinction between a ministerial and a discretionary act turns on the specific character of the act complained of, not on the more general nature of the official's job; under this standard, it makes no difference that the official has discretionary authority if the complained of act is more properly characterized as ministerial. *Mireee v. United States*, 490 F. Supp 768, 773 (N.D. Ga. 1980).  As discussed in more detail in Section E(2)(a), Ms. Bryant alleges that the Defendants were performing ministerial and not discretionary functions. Dkt. 1-41, ¶¶ 3, 36-45, 49-55.

Defendants argue that the operation of a prison and the supervision of inmates is entirely a discretionary function. Def's Br., p. 7 (Dkt. 5-1).[4] But that misses the point of the Complaint: the duty to not beat an inmate is ministerial, not discretionary. Dkt. 1-41, ¶¶ 51, 58. The duty to observe and react to an inmate lying unconscious on the ground is ministerial, not discretionary.

---

[4] While Defendants cite to *Mullis v. Cobb County Bd. Of Comm'rs,* F. App'x 364, 366 (11th Cir. 2006), this case addressed the defendant's motion for summary judgment, after the completion of discovery and evidence was compiled, and not on the sufficiency of the plaintiff's complaint.

*Id*. The duty to timely call for medical care is ministerial, not discretionary. *Id*. At the end of the day, this must be addressed through discovery and cannot be dismissed on motion to dismiss based upon well-pled allegations of the First Amended Complaint. Regardless of whether Defendants are found to have acted within their discretionary authority, Defendants are still not entitled to qualified immunity, as Ms. Bryant has adequately alleged the violation of a clearly established right at the time of the wrongful act. *Id*. at ¶¶ 109, 11, 113-114, 118.

### 2. The Individual Defendants Deprived Mr. Burden of his Eighth Amendment Rights as Incorporated to the States through the Fourteenth Amendment

#### a. Deliberate Indifference to Mr. Burden's Medical Needs[5]

Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment, which may be shown "by prison guards [] intentionally denying or delaying access to medical care." *Hayes v. Rockdale Cty.*, 2016 WL 154110 *5 (N.D. Ga. Jan. 11, 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). "A serious medical need is 'one that…is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sifford v. Ford*, 701 Fed. App'x. 794 (11th Cir. 2017). The Eleventh Circuit has "consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference." *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). Here, Ms. Bryant has clearly provided sufficient factual content for the court to draw a reasonable inference that the Individual Defendants acted with deliberate indifference to Burden's serious medical needs. In fact, the First Amended

---

[5] Every single case cited by Defendants in support of its argument that "[t]he Individual Defendants did not act with deliberate indifference to Burden's medical needs" was decided on motion for summary judgment and therefore cannot support Defendants' motion to dismiss. *See Alsobrook v. Alvarado*, 656 F. App'x 489 (11th Cir. 2016); *Lancaster v. Monroe*, 116 F.3d 1419 (11th Cir. 1996); *LeFrere v. Quezeda*, 588 F.3d 1419 (11th Cir. 2009); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Harris v. Coweta Cty.*, 21 F.3d 388 (11th Cir. 1994). Defendants' Brief, pp. 8-9.

Complaint lists more than seven instances of deliberate indifference on the part of the jail staff and medical providers including, but not limited to:

> a) allowing or perpetrating the beating of Mr. Burden resulting in his death, b) failing to monitor activity in the D-cell yard, c) failing to properly supervise inmates, d) failing to properly protect the safety of inmates, e) failing to timely respond to an inmate with a medical emergency, f) failing to provide supervision and/or proper training to prevent such incidents of excessive force, and, g) failing to provide proper and timely medical care to an inmate. Dkt. 1-41, ¶ 108. These facts are sufficient to constitute a serious violation of the Eighth Amendment.

In addition, Defendants blatantly contradict the factual allegations asserted in the First Amended Complaint by claiming, "Plaintiff does not allege any fact suggesting that any of the Individual Defendants had knowledge of Burden's collapse, but waited an intolerable length of time before providing medical attention," (Defs.' Br., p. 9) despite the fact that the First Amended Complaint plainly alleges that the Defendants "fail[ed] to provide properly and timely medical care to [] inmate" and that the Defendants were "knowingly acquiescing in the provision of substandard care." Dkt. 1-41, ¶¶ 108, 114. The First Amended Complaint goes even further, alleging that "Defendants maintained a custom or policy of providing inadequate safety and medical care to inmates that was a moving force behind the deprivation of Mr. Burden's constitutional rights under the Eighth and Fourteenth Amendments." *Id*., ¶ 113. Ms. Bryant's factual allegations must be addressed through discovery and cannot be dismissed based solely upon the well-pled First Amended Complaint.

### b. Excessive Force Violations of the Eighth Amendment

Claims of excessive force brought by convicted prisoners fall under the Eighth Amendment's prohibition against cruel and unusual punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. *Farmer v. Brennan*, 511

U.S. 825, 832 (1994). While the Constitution does not require comfortable prisons, it does not, however, permit inhumane ones. *Id.* at 832.

The "core judicial inquiry" in an Eighth Amendment excessive force claim is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Spikes v. Butts,* 2008 WL 5381966 *2 (M.D. Ga. 2008) (quoting *Hudson v. McMillian,* 503 U.S. 1, 8 (1992)).  However, when undertaking this inquiry, "courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrong doing was objectively 'harmful enough' to establish a constitutional violation." *Hudson,* 503 U.S. at 8.  The Supreme Court in *Hudson* held that "[t]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the inmate does not suffer serious injury." *Id.* at 1, 7. For example, in *Spikes*, this court found that an inmate stated a valid claim for Eighth Amendment excessive force, which led this court to deny qualified immunity, after alleging one prison official punched the inmate in the face and a second slammed the inmate into the floor. 2008 WL 5381966 at 3*.

Here, Ms. Bryant has clearly alleged sufficient facts to establish an Eighth Amendment excessive force claim.  The Defendants wrongly cite to *Hudson* for support, stating that Mr. Burden's "assault was nothing more than a *de minimis* use of force." Defs.' Br., p. 10. Aside from the glaring reality that Defendants' characterization of the assault is not supported by any evidence in the record or by the description in the First Amended Complaint and is entirely self-serving and made up, this assertion completely ignores *Hudson's* main holding that no significant injuries are required for the use of excessive force to be considered a violation of a prisoner's Eighth Amendment rights. *Id.* at 1.  In the very case the Defendants cite for support, the Supreme Court found that the prisoner's Eighth Amendment rights were violated when he merely "suffered minor bruises and swelling of his face, mouth, and lip." *Id.* In contrast, Ms.

Bryant alleges, "Mr. Burden's injuries included a black eye, lacerations on his face and hand and trauma consistent" *and* he died as a result. Dkt. 1-41, ¶¶ 28-30.

Further, in the alternative, Ms. Bryant has sufficiently pled that "Defendants failed to protect Mr. Burden from other inmates using deadly force in the course of their supervision of Mr. Burden, by allowing Mr. Burden to be beaten and killed by another inmate." *Id.* ¶ 110. Defendants wrongly assert that this claim "fails as a matter of law," since Ms. Bryant has adequately alleged facts that Defendants acted with intentional indifference to Mr. Burden's safety.  For example, Ms. Bryant alleges that "Defendants have, through their agents and employees, acted with deliberate indifference to the safety and serious and [sic] medical needs of all inmates in its custody, including Mr. Burden…and said deliberate indifference by Defendants was a moving force behind the deprivation of clearly established constitutional rights." *Id.* ¶ 114.

### 3.   The Individual Defendants violated Mr. Burden's Rights Under the Eighth and Fourteenth Amendment[6]

The Supreme Court has stated that Individual Defendants can be held liable for damages under § 1983 when they "violate clearly established statutory or constitutional rights of which a reasonable person would have known," and that "for a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). The *Hope* opinion goes on to state that the qualified immunity standard only requires giving law officials "fair warning that his conduct deprived his victim of a constitutional right." *Id*. at 740.

The Eleventh Circuit has identified "three categories of cases in which the unlawfulness of an official's conduct is clearly established: (1) where specific words in the federal statute or

---

[6] Again, Defendants cite cases which are procedurally distinguishable from a motion to dismiss: *Priester v. City of Riviera Beach*, 208 F.3d 919 (11th Cir. 2000) (post-verdict); *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1555 (11th Cir. 1993) (summary judgment); *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 953 (11th Cir. 2003) (summary judgment). Dkt. 5-1, p. 12.

constitutional provision render the law applicable to the challenged conduct; (2) where judicial decisions clearly apply to a wide variety of factual circumstances; and (3) where precedents involve materially similar facts." *Clark v. Upton*, 2006 WL 8434097 (N.D. Ga. 2006) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1350-51 (11th Cir. 2002)). Eleventh Circuit precedent confirms that "a defense of qualified immunity is not available in cases alleging excessive force, because the use of force 'maliciously and sadistically to cause harm' is clearly established to be a violation of the Constitution." *Skrtich*, 280 F.3d. at 1301.

Ms. Bryant alleges that an individual officer used excessive force in beating Mr. Burden and causing his death. Dkt. 1-41, ¶ 28. In addition, she alleges that the "Defendants maintained a custom or policy of providing inadequate safety and medical care to inmates" and that the jail staff and medical providers allowed or perpetrated the beating of Mr. Burden resulting in his death. *Id*. ¶¶ 108, 113. She has sufficiently alleged violations of Mr. Burden's constitutional rights that were clearly established at the time of the incident. The Individual Defendants are not entitled to qualified immunity, and this case cannot be dismissed based upon Plaintiff's well-pled Complaint with no discovery. *See Harrington v. Wells*, 2014 WL 4109424 *3 (S.D. Ga., Aug. 19, 2014) (denying motion to dismiss on the defense of qualified immunity at the motion to dismiss stage allowing both parties to conduct discovery).

**D.  Ms. Bryant States a Valid § 1983 Claim Against Harris County**

Local governments "may be sued for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). To impose § 1983 *Monell* liability, a plaintiff must show: (1) that his constitutional rights were violated, (2) that the [county] had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) that the policy or custom caused the violation. 42 U.S.C. §

1983; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). There are two methods by which to establish that a county's policy constituted deliberate indifference to a plaintiff's constitutional right: "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county through the repeated acts of a final policymaker for the county." *Cotton v. Benn Hill Cty.,* 208 F. Supp.3d 1353, 1359 (M.D. Ga. 2016).

A county can be liable when "a series of decisions by a subordinate official manifest[s] a 'custom or usage' of which the supervisor must have been aware." *Rowson v. County of Arlington,* 768 F. Supp. 555, 562 n.19 (E.D. Va. 1992) (quoting *St. Louis v. Praprotnik*, 485 U.S. 112, 130). In addition, an official who has "final policymaking authority" is capable of subjecting a local government body to §1983 liability for their actions. *Dixon v. Burke County*, 303 F.3d 1271, 1276 (11th Cir. 2002); *Casey v. Clayton Cty.*, 2006 WL 870379 (N.D. Ga. 2007). Here, the actions of Alex Haden, the warden and final policymaker for Harris County Prison, along with those of the Individual Defendants as subordinate officials, manifested a custom of deliberate indifference towards the safety and serious medical needs of all of the inmates in its custody, which now subjects the municipality of Harris County to § 1983 liability. Dkt. 1-41, ¶ 113-14.

Even when medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs. *Harris v. Coweta Cty.*, 21 F.3d 388, 393-94 (11th Cir. 1994). This not only includes a deliberate indifference towards inmate-inmate violence and inmate medical services, but also towards guard-inmate violence, as evidenced by the Defendants' failure "to provide supervision and/or proper training to prevent such incidents of excessive force." *Id.* ¶ 108. As a direct result of this pervasive custom, Mr. Burden was severely beaten, denied prompt or adequate medical care, and ultimately killed, all of which violated Mr. Burden's Eighth Amendment rights. *Id.* ¶¶ 36-48.

Furthermore, Defendants' contention that the First Amended Complaint is "devoid of any factual allegations identifying [a] formal policy or custom" is simply untrue. Defs.' Br., p. 14. Ms. Bryant specifically alleges that "[t]he failure to monitor the inmates on the basketball court" resulting in the beating of an inmate and the "failure to timely provide aid to an inmate in medical need" were "direct violation[s] of prison policy" and Defendants "maintained a custom or policy of providing inadequate safety and medical care." Dkt. 1-41, ¶¶ 28, 32-33, 113. Further, the she alleges that the final policy maker for the County exhibited the custom or practice of the County through his repeated actions in maintaining the custom or practice." *Id.* ¶ 113. These factual allegations must be addressed through discovery before any final adjudication. See *Harrington*, 2014 WL 4109424 at *3.

### E. Defendants Are Not Entitled to Sovereign or Official Immunity

#### 1. Harris County is Not Entitled to Sovereign Immunity

Based upon the allegations of the First Amended Complaint, the County and Individual Defendants cannot show that they are entitled to sovereign immunity, especially at a motion to dismiss phase.[7] Defendants obfuscate the central inquiry here by arguing that because the County is not included in the Georgia Tort Claims Act ("GTCA") there is no waiver of immunity. Defs.' Br., p. 15. Ms. Bryant's claims against the County are not brought pursuant to the GTCA, but under traditional principles of common law and case law and the County can be held liable for acts of its employees in their official capacities. *Ward v. Dodson*, 256 Ga. App. 660, 662 (2002).

---

[7] Again, as discussed in previous sections, supra, Defendants rely exclusively on cases decided at summary judgment or after in support of their motion to dismiss. *See Gilbert v. Richardson*, 264 Ga. 744 (1994); *Currid v. DeKalb State Prob. Dep't.*, 285 Ga. 184 (2009); *Bomia v. Ben Hill*, 320 Ga. App. 423 (2013); *Dekalb v. Currid*, 287 Ga. App 649 (2007); *Cameron v. Lang*, 274 Ga. 122 (2001); *Bd. of Comm'rs of Glynn Cty. v. Johnson*, 311 Ga. App. 867 (2011); *Reece v. Turner*, 284 Ga. App. 282 (2007); *Crisp Cty. v. Brown*, 226 Ga. App. 800; *Hoyt v. Cooks*, 672 F.3d 972; *Schwartz v. Gwinnett Cty.*, 924 F. Supp.2d 1362 (N.D. Ga. 2013); *Marshall v. Browning*, 310 Ga. App., 64 (2011); *Wells v. Talton*, 2015 WL 4656508 (M.D. Ga. Aug. 5, 2015); *Bontwell v. Dep't of Corr.*, 226 Ga. App. 524 (1997), *Parrish v. Akins*, 233 Ga. App. 442 (1992); *Merrow v. Hawkins*, 266 Ga. 290 (1996); *McDay v. Cty. of Atlanta*, 204 Ga. App. 621 (1992); *Butler v. Doe*, 328 Ga. App. 431 (2014). Defs.' Br., pp. 15-17.

Any purported official immunity of a public employee does not protect the governmental entity from liability under the doctrine of respondeat superior. O.C.G.A. § 33-24-51(b); *Gilbert v. Richardson*, 264 Ga. 744 (1994); *Robinson v. Smith*. 2015 WL 4193269 (M.D. of Ga. 2015).

Ms. Bryant alleges that the Individual Defendants were agents of both the County and the State and served as joint tortfeasors at the time of the Incident. Dkt. 1-41, ¶ 27. Therefore, the County is a proper Defendant based on the theory of respondeat superior. Liability is based upon at least three separate grounds, none of which are subject to sovereign immunity: 1) the Individual Defendants failed to follow applicable prison policies relating to supervision and safety of inmates resulting in Mr. Burden's death, 2) the Individual Defendants failed to provide timely medical treatment to Mr. Burden, and, 3) the Individual Defendants maliciously attacked Mr. Burden causing his death. *Id.*, ¶¶ 36, 47, 49-55.

**2.   The Individual Defendants are Not Entitled to Sovereign Immunity**

In suits against defendants in their individual capacities, a claim will not be barred by sovereign immunity if a public officer (1) negligently performed a ministerial duty or 2) acted with actual malice or an actual intent to cause injury while performing a discretionary duty. *Clark v. Prison Health Svcs.*, 257 Ga. App. 787, 791 (2002); *Reece v. Turner*, 284 Ga. App. 282, 285 (2007). The party seeking to benefit from the waiver of sovereign immunity has the burden to establish waiver, and thus has the burden to establish that the exceptions do not apply. *Williams v. Georgia Dept. of Corrections*, 2015 WL 13647265 (Ga. Super. June 24, 2015). As demonstrated below, the Individual Defendants are not immune from suit under both of these grounds when construing the First Amended Complaint in Ms. Bryant's favor.

**a.   The Individual Defendants were Performing Ministerial Functions**

Under the doctrine of official or qualified immunity, a county officer or employee may be personally liable for negligent actions taken in the performance of ministerial functions, but is

immune from personal liability for discretionary acts taken within the scope of their official authority and performed without willfulness, malice, or corruption. Ga. Const. Art. 1, § 2, Par. 9; *Tattnall Cty. v. Armstrong*, 333 Ga. App. 46 (2015). "Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case." *Woodard v. Laurens Cty.*, 256 Ga. 404 at 407(2) (1995).

The doctrine of official immunity affords limited protection to public officers and employees sued in their personal capacity. *Reed v. Dekalb Cty.,* 264 Ga. App. 83, 86 (2003). A public officer or employee may be personally liable only for ministerial acts negligently performed and official immunity does not apply to purely ministerial duties. *Id.* As Georgia courts have consistently held, a ministerial act is commonly found when a government employee is merely executing a specific duty. *Happoldt v. Kutscher,* 256 Ga. App. 96 (2002).

A "ministerial act" is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. *Phillips v. Walls*, 242 Ga. App. 309 (2000); *Middlebrooks v. Bibb Cty.*, 261 Ga. App. 382 (2003), disapproved of by *Tattnall Cty. v. Armstrong*, 333 Ga. App. 46 (2015). Where, as here, a plaintiff alleges the negligent performance of ministerial acts, they are not shielded by the defense of official immunity. *Alford v. Osei-Kwasi*, 203 Ga. App. 716 (1992); *Hendon v. Dekalb Cty,*, 203 Ga. App. 750 (1992); *Gilbert v. Richardson*, 264 Ga. 744 (1994). Georgia courts have further defined a ministerial act as one as to which "no deliberation or reflection is needed in performing" the act, where the performance "is positively commanded and so plainly prescribed to be free from doubt. *Shuman v. Dyess,* 175 Ga. App. 213 (1985). Generally, lower-level employees are rarely, if ever, entitled to immunity since their jobs entail minimal discretion. *Thompson v. Spikes,* 663 F. Supp. 627 (Ga. 1987). Here, the First Amended Complaint alleges a *negligent supervision* claim, since the requirements of supervision, including adequate training

and enforcement of all policies, are ministerial in nature, there is no protection by official or qualified immunity. *Seay v. Cleveland,* 270 Ga. 64, 65–66 (1998) (sheriff's immunity).

Ministerial acts, as to which sovereign immunity does not apply, include following established policies for the performance of a specific task. *Wanless v. Tatum*, 244 Ga. App. 882 (2000) (violation of policy involving ministerial duty of county engineer to investigate a safety complaint regarding a particular roadway); *Phillips v. Walls*, 242 Ga. App. 309 (2000) (road inspection pursuant to established policy was ministerial act for road commissioner); *Meagher v. Quick*, 264 Ga. App. 639 (2003) (no sovereign immunity for county employees' failure to complete a family violence report form where child was later beaten to death). *Mireee v. United States*, makes clear that the scope of immunity granted a public official in any given situation turns on the specific character of the complained of act, not the mere nature of the job. 490 F. Supp. 768, 773 (N.D. Ga. 1980). These cases are no different than here, where the Individual Defendants failed to follow policies and procedures relating to inmate supervision and obtaining timely medical care.

Similarly, the Georgia Court of Appeals has held that "while the act of establishing a policy in the first place is discretionary, the acts of following established policies of inspecting and monitoring are ministerial tasks." *Walls*, 242 Ga. App. at 311 (2000). In *Walls*, the parents of children who were killed in an automobile accident brought a claim against the county road superintendent and other county employees claiming that they negligently failed to inspect the road. *Id*. at 310. The plaintiff argued that the individual defendants negligently failed to inspect the road pursuant to the county's own policy. *Id*. at 311. The Court of Appeals found that "[t]he actions of road crews in carrying out their directions are ministerial." *Id*. at 312 citing *Nelson v. Spalding Cty.*, 249 Ga. 334, 336 (1982); *Lincoln Cty., v. Edmond*, 231 Ga. App. 871 (1998). In *Lincoln*, the Court of Appeals held that when a county engages in repair work, it is engaged in

the physical execution of that work and that a discharge of its duties is purely ministerial in nature. *Id*. Accordingly, it follows that any work done by the county is of ministerial character, such as the duties of a road supervisor carrying out the scope of his work duties. In *Nelson v. Spalding Cty*., 249 Ga. 334, 336 (1982), the Georgia Supreme Court held that a county warden of a correctional facility responsible for maintaining and replacing traffic control devices at an inmate work camp was not shielded by governmental immunity for his failure to perform a ministerial duty. *Id*.

This logic is equally applicable here. Defendants are responsible for the supervision and control of inmates such as Mr. Burden, and must carry these duties out in accordance with established policies and procedures. Defendants argue that the operation of a prison and the supervision of inmates is a discretionary function. Def's Br., p. 17. But that misses the point of the Complaint: the duty to not beat an inmate is ministerial, not discretionary. The duty to observe and react to an inmate lying unconscious on the ground is ministerial, not discretionary. The duty to timely call for medical care is ministerial, not discretionary. At the end of the day, this must be addressed through discovery and cannot be dismissed at a motion to dismiss phase based upon well-pled allegations of Ms. Bryant's First Amended Complaint.

### b.  At least One of the Individual Defendants' Acts was Malicious

Next, under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure, even if the acts were discretionary and not ministerial in nature. *Cameron v. Lang*, 274 Ga. 122, 123 (2001). Actual malice requires a deliberate intention to do wrong in the context of immunity and excludes any liability for injuries and damages if officers and employees act with implied malice in performance of their official functions. Const. Art. 1, § 2, Par. 9: *Merrow v. Hawkins*, 266 Ga. 390 (1996). This is exactly what Ms. Bryant has pled. Count I is against the Individual

Defendants for negligent performance of ministerial acts in allowing or perpetrating the beating of Mr. Burden, failing to monitor prison activity, failure to supervise inmates, failing to protect the safety of inmates, failing to timely respond to an inmate with a medical emergency and failing to provide proper and timely medical care. First Am. Compl., ¶ 49-55. Defendants argue that Ms. Bryant cannot show actual malice on behalf of Defendants. Defs.' Mtn., p. 18. But again, this ignores the well-pled allegations, specifically that one of the Individual Defendants beat Mr. Burden to death. First Am. Compl., ¶¶ 28, 45. This intentional conduct, including the beating and subsequent death of Mr. Burden, certainly qualifies as a "deliberate intent to injure" for purposes of a motion to dismiss. Def's Br., p. 18 citing *Hoyt v. Cooks*, 672 F.3d 972, 981 (11th Cir. 2012).

In a law enforcement shooting context, if an officer shot "intentionally and without justification, then [h]e acted solely with the tortious actual intent to cause injury" and would not be protected by official immunity. *Kidd v. Coates*, 271 Ga. 33, 34 (1999). In *Porter v. Massarelli*, 303 Ga. App. 91 (2010), a question of whether an officer shot the plaintiff in self-defense or not, "precluded determination as a matter of law that [defendant] was entitled to official immunity for his actions." *Id*. at 95. The result should be no different here. Where actual malice and an intent to injure by a government official has been alleged, sovereign immunity is not waived. *Cameron v. Lang*, 274 Ga. 122 (2001). Here, Ms. Bryant not only alleged that an officer willfully attacked Mr. Burden, but that this unwarranted attack resulted in his death. Compl., ¶¶ 61- 68. This malicious and/or intentionally harmful conduct is clearly not subject to sovereign immunity. *Id*.

### c. The County Had a Duty to Provide Timely and Adequate Medical Care

Finally, Defendants completely ignore Ms. Bryant's failure to provide medical care allegations. It is well established law in Georgia that a county such as Harris County, has a

legislative duty to provide medical care to an inmate in its custody and care. *See* O.C.G.A. §§ 42–5–2(a); 42–4–4(a)(2); 42–4–32(d). O.C.G.A. § 42-5-2 imposes the duty and cost for medical care of inmates in the custody of a county upon the county and waives the county's sovereign immunity for claims regarding inadequate medical care. *Middlebrooks v. Bibb Cty.*, 261 Ga. App. 382, 385 (2003) (county waived sovereign immunity for breach of duty to provide medical care), disapproved of by *Tattnall Cty. v. Armstrong*, 333 Ga. App. 46 (2015). See also *Macon-Bibb Cty. Hosp. Auth. v. Houston Cty.*, 207 Ga. App. 530, 532 (1993) (county's sovereign immunity was waived by statute making government responsible for furnishing inmates with medical care).

As the right to medical care is a fundamental right, it is not discretionary, and therefore, the violation of such right "is not subject to either sovereign immunity or official immunity." *Howard v. City of Columbus*, 239 Ga. App. 399, 411 (1999).  Further, providing adequate medical attention for inmates under the sheriff's custody and control is a ministerial act by the sheriff and his or her deputies and does not involve the exercise of discretion to provide medical care, because medical care is a fundamental right. *Cantrell v. Thurman*, 231 Ga. App. 510 (1998). Even assuming, arguendo, that Defendants acted within the scope of their official duties, they are still not entitled to immunity.

Furthermore, where sovereign immunity "is so factually intertwined with determination of the merits of the case, it is not error for the trial court to defer final determination of such issues until trial, and such deferral would constitute the better practice to avoid the merits of the case." *Dep't of Transp. v. Dupree*, 256 Ga. App. 668, 672 (2002) (emphasis added); accord *Feist v. Dirr*, 271 Ga. App. 169, 172 (2004) (physical precedent only). In such an instance, a trial court may submit the case to the jury and enter its order on the subject-matter jurisdiction issue before entering judgment on the jury's verdict. *Dupree*, 256 Ga. App. at 672.

Many trial courts have deferred on the issue of sovereign immunity until summary judgment. See *The Medical Ctr. of Central Georgia, Inc. v. Wetherington et al.*, 2004 WL 5322700 (Ga. Super. Ct., June 11, 2004) (denying defendants' motion to dismiss on basis of sovereign immunity and failure to state a claim finding that these issues are more properly addressed at a motion for summary judgment). The Court should deny the Defendants' Motion to Dismiss and allow discovery before reaching the merits of Ms. Bryant's case.

### F.  Ms. Bryant's First Amended Complaint States a Claim for Punitive Damages

As demonstrated, Ms. Bryant's First Amended Complaint states viable claims against the Defendants and provides a reasonable basis for recovery of such damages. Dkt. 1-41, ¶ 118. Furthermore, claims of punitive damages may be brought against Individual Defendants where it is alleged their conduct was motivated by improper intent or was recklessly indifferent to Mr. Burden's federal rights. *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1047 (11th Cir. 2008) (although § 1983 does not allow punitive damages against governmental entities, they may be granted against officers in their individual capacity). Here, because Ms. Bryant has alleged that the Individual Defendants acted with "reckless disregard of the constitutional rights of Mr. Burden and with the intent to harm him", her claims for punitive damages cannot be dismissed. Dkt. 1-41, ¶¶ 28, 46, 62, 118; *see Pelka v. Ware Cty.*, 2017 WL 4398652 at *7 (S.D. Ga. Sept. 29, 2017) (allowing plaintiff's claims for punitive damages against officers in their individual capacity to proceed).

## IV.  CONCLUSION

For all of the reasons set forth above, Defendants' Motion must be DENIED.

Respectfully submitted this 21<u>st</u> day of June, 2018.

**PENN LAW LLC**


*/s/ Darren W. Penn*
Darren W. Penn
Georgia Bar No. 571322
Jim Sieifter (Of Counsel)
Georgia Bar No. 636584
Alexandra "Sachi" Cole
Georgia Bar No. 696892

*Attorneys for Plaintiff*

4200 Northside Parkway, N.W.
Building One, Suite 100
Atlanta, Georgia 30327
(404) 961-7655 Tel/Fax

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| JOANN BRYANT, Individually and | ) | |
| as the biological mother of | ) | |
| Larry Wayne Burden, Jr., and in | ) | |
| her capacity as Administrator | ) | |
| of the Estate of Larry Wayne | ) | |
| Burden, Jr., Deceased, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 4:18-CV-00106-CDL |
| | ) | |
| v. | ) | |
| | ) | |
| HARRIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed a copy of the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' HARRIS COUNTY ET AL.'S MOTION TO DISMISS with Clerk of Court using the CM/ECF system which will automatically send electronic notification to the following attorneys of record:

Kenneth D. Jones
Russell A. Britt
HALL BOOTH SMITH, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775

George M. Weaver
HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305

William Peters
Jared M. Campbell
Assistant Attorneys General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Respectfully submitted this 21st day of June, 2018.

**PENN LAW LLC**

/s/ Darren W. Penn
Darren W. Penn
Georgia Bar No. 571322
Jim Seifter (Of Counsel)
Georgia Bar No. 636584
Alexandra "Sachi" Cole
Georgia Bar No. 696892

*Attorneys for Plaintiff*

4200 Northside Parkway, N.W.
Building One, Suite 100
Atlanta, Georgia 30327
(404) 961-7655 Tel/Fax