IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JOANN BRYANT, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:18-CV-106 (CDL) |
| CRYSTAL GAIL GARREN, *et al.*, | * | |
| Defendants. | * | |

O R D E R

As the prevailing parties in this action, Defendants seek to recover certain costs from Plaintiff. In response to Defendants' bills of costs, the Clerk taxed costs totaling $11,121.45 against Plaintiff. Those costs are broken down as follows: $6,035.10 for Defendants Crystal Garren, Daniel Maddox, Donald Walker, Jeremy McDowell, Noel Flowers, Troy Moore, and Donald Barber ("Corrections Officer Defendants"), Taxation of Costs, ECF No. 74; $400.00 for Defendant Alex Haden, Taxation of Costs, ECF No. 75; and $4,686.35 for Defendant Georgia Department of Corrections, Taxation of Costs, ECF No. 77. Plaintiff filed an objection to the taxations of costs, which the Court considered as a motion to review the Clerk's action under Federal Rule of Civil Procedure 54(d)(1). Order 1 (May 19, 2020), ECF No. 79. Although the objection was untimely as to the taxations of costs that were entered on April 24,

2020, the Court found that the delay was due to excusable neglect and determined that it should consider the objection on the merits. *Id.* at 2. The chief basis for Plaintiff's objection was her inability to pay. Plaintiff did not submit enough evidence to establish an inability to pay, but the Court allowed her to supplement her objection. *Id.* at 3. Now pending before the Court is Plaintiff's supplemental motion to review the taxations of costs (ECF No. 80).

As explained in the remainder of this order, the Court finds that the Clerk correctly calculated the amount of costs; however, the Court reduces the award of costs based upon Plaintiff's indigency, the nature of Plaintiff's claims, and the balancing of the positive deterrent effect of shifting costs to a losing party with the negative effect of such cost shifting on access to the courts, particularly in light of the party's precarious financial condition. Accordingly, the Court directs that costs shall be awarded against Plaintiff as follows: $603.51 for Defendants Crystal Garren, Daniel Maddox, Donald Walker, Jeremy McDowell, Noel Flowers, Troy Moore, and Donald Barber; $40.00 for Defendant Alex Haden; and $468.63 for Defendant Georgia Department of Corrections.

## DISCUSSION

This action arose from the death of Larry Burden in the Harris County Prison. Plaintiff, Burden's mother, filed a

wrongful death action alleging that prison officials used excessive force on Burden and were deliberately indifferent to his serious medical needs. The Court granted summary judgment in Defendants' favor on all of Plaintiff's federal claims and declined to exercise supplemental jurisdiction over her state law claims. Defendants filed bills of costs, and the Clerk entered taxations of costs.

Plaintiff objects to the taxations of costs on several grounds. Defendants contend that the Court should not consider the objection because Plaintiff did not object to the bills of costs as permitted by the Court's local rules and because they contend that Plaintiff did not demonstrate excusable neglect. The Court previously determined that Plaintiff's objection should be considered on the merits, and Defendants did not file a motion for reconsideration. The Court declines to reconsider this ruling and will consider Plaintiff's objections.

**I.  Objections to Deposition Costs**

The bulk of Defendants' costs are for depositions, and Plaintiff contends that some of the costs are not recoverable. "Fees for printed or electronically recorded transcripts" are permitted if the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Deposition costs are not recoverable, however, if they are "merely incurred for convenience, to aid in thorough preparation, or for purposes of

3

investigation only." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

The Corrections Officer Defendants sought $45.00 in "shipping and handling costs" for "HD MP4 viewing copy" of videotaped depositions. *See* ECF No. 71 at 7, 11, 13. The Corrections Officer Defendants assert that the shipping cost is a standard delivery charge that should be considered a fee of the court reporter. Plaintiff presented no evidence that such costs are not part of the standard delivery charge for modern day depositions. Accordingly, the Court declines to find the charge unnecessary based on the present record.

The Corrections Officer Defendants sought $1,141.25 in costs for obtaining copies of several videotaped depositions. *See* ECF No. 71 at 7, 11, 13. They received transcripts of these depositions separately, and Plaintiff does not challenge the costs for the transcripts. Plaintiff noticed the depositions as video depositions and stated that they would be taken before a court reporter and a videographer. There was no objection. Plaintiff now argues that it was not necessary for Defendants to obtain a copy of the deposition recordings in addition to the transcripts at the summary judgment stage. The Court is not convinced that it was unnecessary for the Corrections Officer Defendants to obtain the video recordings. Although the video recordings were not submitted to the Court, they were made

4

because Plaintiff required them to be. It was not unreasonable for Defendants to obtain the video recordings, in part because the video recordings could capture testimony that differed from the stenographic transcript and in part because Defendants thought Plaintiff might try to introduce the recordings in opposition to summary judgment. Since Plaintiff chose to require that the depositions be videotaped, the Court declines to strike the costs the Corrections Officer Defendants incurred to obtain the recordings.

The Corrections Officer Defendants and the Georgia Department of Corrections obtained transcripts for the depositions of Matthew Leopard, Tommy Fountain, and Alan Raffield. These three individuals were the Rule 30(b)(6) representatives for the Georgia Department of Corrections, one of the Defendants in this action. *See* ECF Nos. 43, 51, 54. Defendants did not rely on these depositions in support of a summary judgment motion, but that does not mean they aren't taxable. "Although use of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained for use in a case, such a showing is not necessary to be taxable." *Watson v. Lake Cty.*, 492 F. App'x 991, 996 (11th Cir. 2012) (per curiam). "Thus, even where a deposition is not ultimately used as part of a prevailing party's case, [the Eleventh Circuit has] held that the costs of

5

the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Id.* at 996-97. Here, Plaintiff alleged that GDOC did not adequately train and supervise the Corrections Officer Defendants. Plaintiffs cannot seriously dispute that the depositions of a Defendant's 30(b)(6) representatives regarding GDOC's policies and training were related to issues in the case when they were taken. Accordingly, the cost of these three depositions is taxable.

**II. Reduction for "Partial Success"**

Plaintiff asserts that even if the costs awarded are taxable, the Court should reduce the costs. Plaintiff argues that because the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, Defendants were only partially successful and should not receive a full award of costs. Plaintiff argues that Defendants did not prevail on Plaintiff's state law claims because they are still pending in state court, so the Court should not award costs for discovery concerning the state law claims. Even if the Court were persuaded by this argument (which it is not), Plaintiff's state law claims are based on the same underlying facts as her federal law claims, and Plaintiff did not point to any portion of the discovery that was irrelevant to the federal law claims and only related to her state law claims. Defendants prevailed on all of

6

Plaintiff's federal law claims. Thus, there is no question that Defendants are the prevailing parties in this action and are therefore entitled to recover their costs. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) ("That the district court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims, does not impair the fact that, as far as the federal case was concerned, defendants prevailed.").

### III. Reduction Based on Inability to Pay

Finally, Plaintiff argues that the costs should be eliminated or reduced because she is unable to pay them. Federal Rule of Civil Procedure 54(d) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). This discretion "is not unfettered . . . 'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'" *Id.* at 1039 (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id.* After recounting this basic rule, the Eleventh Circuit in *Chapman* stated "that a non-prevailing party's financial status is a factor that a district court may, but need

7

not, consider in its award of costs pursuant to Rule 54(d)." *Id.* Before considering the non-prevailing party's financial status, though, the district court must "require substantial documentation of a true inability to pay." *Id.* And, "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Id.* "Subject to that restriction and to the requirement that there be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered, we leave it to the district court's discretion whether to do so in a particular case." *Id.*[1]

Here, Plaintiff presented evidence that Burden's estate had no assets. Plaintiff also submitted an affidavit and supporting documentation, including part of her most recent tax return, a bank statement, a paycheck stub, and a mortgage statement. This evidence establishes that Plaintiff has two grandchildren that live with her and are considered her dependents; she cares for

---

[1] The Eleventh Circuit vacated the full award of costs in *Chapman* because it could not tell if the district court realized that it had "limited discretion to consider a non-prevailing party's financial condition in calculating the amount of costs to award." *Chapman*, 229 F.3d at 1039. The Eleventh Circuit remanded so the district court could reconsider the full costs award it had made—"We do not mean to imply that the district court must consider [the non-prevailing party's] financial situation in calculating the amount of costs to be awarded, even if he proves his financial situation is extreme, but only that the court must realize that it has the discretion to do so." *Id.* at 1140.

8

Case 4:18-cv-00106-CDL   Document 83   Filed 09/29/20   Page 9 of 12

and financially supports her mother, who has advanced dementia; she has no savings account; she had income of $22,346.00 in 2019 and received a federal tax refund of $8,757 for 2019; she currently works as preschool teacher earning approximately $2,000 per month (including a set amount each pay period, plus $10.39 per hour as a "floater" for some number of hours per pay period); and she owns a home that is subject to a mortgage with a payment of approximately $859 per month, although she qualified for a mortgage assistance program when she took an eight-month leave of absence from work between June 2019 and February 2020 to care for her mother.  Plaintiff also asserts that her monthly expenses are approximately $2,000.  The Court is satisfied that Plaintiff's submissions establish that her present income from her employment is at or near the poverty level.  The Court finds that Plaintiff does not have the financial resources necessary to pay the full amount of costs taxed by the Clerk.

"Even where the non-prevailing party is indigent, the district court needs a sound basis to overcome the strong presumption that a prevailing party is entitled to costs." *Zainulabeddin v. Univ. of S. Fla. Bd. of Trustees*, 749 F. App'x 776, 787 (11th Cir. 2018) (per curiam).  The Court has found little guidance from binding precedent on what constitutes a "sound basis" or the analytical framework for making that

9

determination. Given the appropriate case, the appellate courts may construct an elaborate balancing test to assist those of us in the trenches. But one does not yet exist. All we've been told is that we have the authority in limited circumstances to reduce a cost award. *See Chapman*, 229 F.3d at 1039. We just need a sound basis for doing so.

Understanding that the presumption of a full cost award cannot be overcome without a sound basis for doing so, the Court reduces the cost award here for the following reasons. Plaintiff's income is at or below the well accepted poverty level. While she is not homeless and living on the streets, she struggles to meet her legitimate and necessary financial obligations. Plaintiff cannot pay a cost bill in excess of $11,000. Imposing a judgment against her for the full amount would likely make her insolvent and quite frankly not be recoverable in its entirety. An award of 10% of this amount would still cause her financial strain, but the Court finds she would be able to pay that amount.[2] Though the Court understands it should not consider the relative wealth of the parties—and thus is not doing so—the Court finds it noteworthy that the costs Defendants seek were paid by the State, and there is nothing in the record to suggest that the individual Defendants

---

[2] Any cost award will be the personal obligation of the Plaintiff and not her attorneys. No argument has been made that her attorneys are permitted or intend to reimburse Plaintiff for this obligation.

10

will be responsible for any of those costs. The Court also observes that Plaintiff's case, although ultimately unsuccessful, was an important one. She lost her son while he was in Defendants' custody. Her experienced lawyers investigated the matter, and upon doing so, found that a good faith claim could be asserted. One justification for the general rule that costs should be awarded to the prevailing party is that it can provide a deterrence for the filing of weak cases. Although Plaintiff and her counsel lost this case, the Court cannot find that the case was so weak that requiring Plaintiff to pay Defendants' full costs is necessary in light of her financial condition. The Court also is cognizant of the other side of the loser pays coin; requiring the loser to pay full costs in every circumstance can close access to the courthouse for those with limited means who cannot afford to lose due to a substantial cost award. Based on the foregoing and under the circumstances presented in this case, the Court finds that requiring Plaintiff to pay a total of $1,112.14 of Defendants' costs is sufficient and just.

## CONCLUSION

For the reasons set forth above, Plaintiff's supplemental motion to review the taxations of costs (ECF No. 80) is granted to the extent that Plaintiff shall pay the Defendants' costs as follows: $603.51 for Defendants Crystal Garren, Daniel Maddox,

11

Donald Walker, Jeremy McDowell, Noel Flowers, Troy Moore, and Donald Barber; $40.00 for Defendant Alex Haden; and $468.63 for Defendant Georgia Department of Corrections.

IT IS SO ORDERED, this 29th day of September, 2020.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA